TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00428-CR







Julian Wilson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0961889, HONORABLE BOB PERKINS, JUDGE PRESIDING







 A jury found appellant Julian Wilson guilty of capital murder. The trial court assessed
punishment at life in prison. In two points of error, Wilson challenges the legal and factual sufficiency of
the evidence. We affirm the trial-court judgment.


THE CONTROVERSY


 Wilson was indicted for the capital murder of Hilario Morales, as were the State's
witnesses Johnny Hughes, Bobby Jamail Westmoreland, and ShiRon Fletcher. According to the State,
Wilson and two of his friends approached a parked car in which the victim, Morales, and his cousin, Miguel
Estrada, were sitting. One of the defendants sprayed Estrada in the face with mace and demanded money. 
As Estrada started to drive away, Wilson shot Morales in the head, fatally wounding him. 

 Wilson brings two points of error challenging the sufficiency of the evidence to support his
conviction. Wilson's first point of error contends the evidence is legally insufficient to support the jury's
verdict because the State did not provide adequate corroborative testimony to sustain the conviction. 
Wilson's second point of error contends the State's evidence is factually insufficient to support the jury's
finding that the appellant intentionally killed the victim during the course of a robbery. We will affirm the
judgment of conviction.


DISCUSSION AND HOLDINGS


 Both points of error turn upon the application of the accomplice-testimony rule. Article
38.14 of the Texas Code of Criminal Procedure provides as follows:


[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by
other evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the offense.



Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). The test for weighing the sufficiency of the evidence
is to eliminate from consideration the testimony of the accomplice witnesses and examine the remainder of
the evidence to ascertain if there is evidence that tends to connect the accused with the commission of the
offense. McDuff v. State, 939 S.W.2d 607, 612 (Tex. Crim. App.), cert. denied, 118 S. Ct. 125
(1997).

 Examples of the types of non-accomplice evidence that have been held sufficient to
corroborate accomplice-witness testimony include (1) evidence the defendant was in the company of the
accomplices at or near the time or place of the offense, McDuff, 939 S.W.2d at 613; (2) proof the
defendant was at or near the scene of the crime at or about the time of its commission, Jackson v. State,
745 S.W.2d 4, 13 (Tex. Crim. App.), cert. denied, 487 U.S. 1241 (1988); (3) the defendant's demeanor
after the offense, Gosch v. State, 829 S.W.2d 775, 782 (Tex. Crim. App. 1991), cert. denied, 509 U.S.
922 (1993); (4) subsequent flight, Hernandez v. State, 939 S.W.2d 173, 178 (Tex. Crim. App. 1997);
(5) proof that connects the defendant to a weapon used in the offense, Cockrum v. State, 758 S.W.2d
577, 582 (Tex. Crim. App. 1988), cert. denied, 489 U.S. 1072 (1989); and (6) proof the defendant had
a gun that was similar to the murder weapon, May v. State, 738 S.W.2d 261, 267 (Tex. Crim. App.),
cert. denied, 484 U.S. 872 (1987). We believe the State provided sufficient non-accomplice testimony
to uphold the conviction in this case. 

 First, Miguel Estrada, the victim's cousin, who was at the scene of the shooting, testified
about the incident. Estrada testified he and Morales were sitting in a parked car outside their apartment
complex around 10:00 p.m. on August 27, 1995. Estrada saw three men approach the car and walk past
it. As Estrada turned to look out of the driver's side window, he was sprayed in the eyes with mace by
a man standing on the driver's side of the car. Estrada started the car. He heard a gunshot. As he backed
up his car, he saw two men running toward a navy blue, four-door vehicle, possibly with a white top.

 Jerald Bell, an acquaintance of Wilson, also provided non-accomplice testimony. On the
night of the shooting, Bell was at a house with appellant and two of the accomplices. Bell testified that after
dark, the three men left the house to go for a ride. They were gone for about an hour. When Wilson
returned, he ran into the bathroom and emerged rubbing his face with a towel. Later that evening, Wilson
told Bell he needed money and he needed to get out of town. Bell testified he had previously seen Wilson
with a small, black firearm, similar in size and color to State's Exhibit 21, a demonstrative exhibit showing
the type of firearm used in the murder.

 More corroborating evidence came from Mayjoe Brown. Brown had planned on renting
a car and taking a trip to Arkansas with his children in early September 1995. Soon after the shooting,
Wilson volunteered to drive Brown, Brown's children, and Bobby Jamail Westmoreland to Arkansas in
a blue, four-door vehicle with a white vinyl top--a car matching Estrada's description of the vehicle driven
by the perpetrators. Before the men left on their trip, Wilson told Brown he had been involved in a drive-by shooting in Austin. On the way to Arkansas, Wilson's car broke down. Wilson willingly abandoned
it on the side of the highway. They remained in Arkansas for about two weeks. Brown's girlfriend called
and told Brown the police were looking for him and Wilson. At this point, the group traveled back to
Austin on a bus, but Wilson left for Beaumont shortly after arriving in Austin. Brown testified he had
previously seen Wilson with a small black firearm and had told Wilson not to bring it on the trip to
Arkansas.

 Furthermore, Cristine Crawford, another acquaintance of Wilson, testified Wilson called
her while he was in Arkansas. Wilson stated he and Westmoreland had robbed a Mexican man at
gunpoint. Wilson claimed he took $60 and a gold necklace from the man. Wilson also claimed that as he
turned to leave the scene of the robbery, the Mexican man grabbed his shoulder, and Wilson shot him. 

 We believe this non-accomplice testimony "tends to connect the defendant with the
offense." See Burks v. State, 876 S.W.2d 877, 888 (Tex. Crim. App. 1994), cert denied, 115 S. Ct.
909 (1995). The testimony connects Wilson to a car matching the description of the one used in the
offense and to a gun matching the description of the one used in the murder. The testimony indicates
Wilson went out for a ride in that car on the night of the murder, and returned rubbing his eyes, consistent
with testimony regarding use of mace in the incident. Moreover, the non-accomplice testimony indicates
that when Wilson returned on the night of the murder he was concerned about leaving town. 

 Because the evidence tends to connect Wilson with the offense, the jury was free to
consider the testimony of the accomplice-witnesses and determine on the basis of all the evidence that
Wilson was a party to the offense. Wilson's accomplices testified in detail about Wilson's role in the
murder. We overrule Wilson's first point of error. 

 In Wilson's second point of error, he contends the evidence is factually insufficient to
establish that the murder took place during an attempted robbery. He argues that the evidence regarding
his attempt to rob Morales is supported only by the accomplice-witness testimony.

 The accomplice-witness testimony in a capital murder case does not require corroboration
concerning the elements of the aggravating offense, i.e. the elements that distinguish murder from capital
murder. McDuff, 939 S.W.2d at 613; White v. State, 910 S.W.2d 630, 634-35 (Tex. App.--Beaumont
1995, no pet.). Thus, we will consider all the evidence, including accomplice witness testimony, to
determine whether the jury's verdict with respect to the finding of robbery was "so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust." See e.g. Clewis v. State, 922
S.W.2d 126, 132 (Tex. Crim. App. 1996).

 The overwhelming weight of the accomplice evidence points towards the conclusion that
Wilson murdered Morales in the course of a robbery. All three accomplices testified that "jacking" or
robbing was a subject of conversation in Wilson's car on the evening of August 27, 1995. Johnny Hughes
and ShiRon Fletcher testified Wilson drove to a predominantly Mexican neighborhood expressly for the
purpose of "jacking." Fletcher testified that when he left Wilson's car with Wilson and Hughes, he was
under the impression they were "going to jack somebody." Finally, Hughes stated that when he saw Wilson
put a gun to the head of the Mexican man in the passenger's seat, he thought Wilson was in the process
of "jacking" the man. Finally, Estrada, a non-accomplice, testified that one of the attackers told him "give
me your money." The verdict is not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. We overrule point of error two.

 We affirm the judgment.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 9, 1998

Do Not Publish



ide of the highway. They remained in Arkansas for about two weeks. Brown's girlfriend called
and told Brown the police were looking for him and Wilson. At this point, the group traveled back to
Austin on a bus, but Wilson left for Beaumont shortly after arriving in Austin. Brown testified he had
previously seen Wilson with a small black firearm and had told Wilson not to bring it on the trip to
Arkansas.

 Furthermore, Cristine Crawford, another acquaintance of Wilson, testified Wilson called
her while he was in Arkansas. Wilson stated he and Westmoreland had robbed a Mexican man at
gunpoint. Wilson claimed he took $60 and a gold necklace from the man. Wilson also claimed that as he
turned to leave the scene of the robbery, the Mexican man grabbed his shoulder, and Wilson shot him. 

 We believe this non-accomplice testimony "tends to connect the defendant with the
offense." See Burks v. State, 876 S.W.2d 877, 888 (Tex. Crim. App. 1994), cert denied, 115 S. Ct.
909 (1995). The testimony connects Wilson to a car matching the description of the one used in the
offense and to a gun matching the description of the one used in the murder. The testimony indicates
Wilson went out for a ride in that car on the night of the murder, and returned rubbing his eyes, consistent
with testimony regarding use of mace in the incident. Moreover, the non-accomplice testimony indicates
that when Wilson returned on the night of the murder he was concerned about leaving town. 

 Because the evidence tends to connect Wilson with the offense, the jury was free to
consider the testim